*777 OPINION OF THE COURT
Susan M. Capeci, J.
The defendant entered a plea of guilty to the charge of criminal contempt in the second degree (Penal Law § 215.50 [3]) and was sentenced on January 16, 2014 (Molea, J.) to a three-year term of probation, set to expire on January 16, 2017. He now appears before this court upon an application by the Department of Probation to enlarge the conditions of probation in accordance with CPL 410.20. The defendant appeared in court with counsel on this application.
The genesis for the request to enlarge the probationary conditions is that the defendant informed his probation officer that he seeks to transfer ownership of a handgun that he surrendered to the Harrison Police Department upon his initial arrest, to his father, who resides in the same home with him. The defendant’s father would then presumably apply for a permit for that handgun to be kept in addition to the other licensed firearms that he possesses. The probation officer reported to the court that these weapons are secured within the home inside a glass display case which is locked. The weapons are clearly visible through the glass.
The Probation Department has requested that the conditions of probation be enlarged to prohibit the defendant from transferring his previously surrendered weapon to the possession of his father. The defendant’s current conditions of probation, which include specialized domestic violence conditions, specify: “You are not to possess or use any firearm/ammunition or any other dangerous weapon.” Moreover, upon the defendant’s conviction, his license to possess a firearm was revoked.
It is of concern to both the probation officer and the court that these weapons are not contained within a safe designed for the purpose of storing guns. It is evident that the weapons contained in the glass case could become accessible to anyone breaking the glass, even if the case remained locked. This situation raises two concerns, the accessibility of the weapons to the probationer, and whether the defendant’s father is in violation of section 265.45 of the Penal Law.
As part of the “NY SAFE Act” (NY Secure Ammunition and Firearms Enforcement Act) of 2013, the legislature added section 265.45 of the Penal Law, effective March 16, 2013. This section requires the owner or custodian of a firearm who resides with an individual who such person knows, or has reason to *778 know, is prohibited from possessing such firearm,* to safely store the weapon “in an appropriate safe storage depository” or render it incapable of being fired by use of a gun locking device appropriate to that weapon. A failure to do so may subject the owner or custodian of such weapon to being charged with a class A misdemeanor.
Penal Law § 265.45 defines a “safe storage depository” to mean “a safe or other secure container which, when locked, is incapable of being opened without the key, combination or other unlocking mechanism and is capable of preventing an unauthorized person from obtaining access to and possession of the weapon contained therein.” In the Sponsor’s Memorandum to 2013 NY Senate Bill S2230, the Senate Bill which resulted in the passage of Penal Law § 265.45, with respect to safe storage of firearms, the legislative history indicates the overall purpose of deterring the criminal use of firearms, and contemplates that under this statute, firearms will be secured in “a safe or similar secure container” with a locking mechanism (Sponsor’s Mem, 2013 NY Senate Bill S2230, 236th Legislature [Apr. 16, 2013]).
There have been no reported cases interpreting this statutory provision. However, in this court’s view, the storage of the firearms by the defendant’s father within the home inside a locked *779 glass display case does not satisfy the underlying aim of the statute to require that firearms possessed by one who resides with an individual who such person knows, or has reason to know, is prohibited from possessing such firearm be secured in a “safe storage depository” within the meaning of Penal Law § 265.45. In order to comport with the statute’s purpose to enhance protections for victims of domestic violence, secure storage of firearms within a household where a defendant convicted of domestic violence offenses resides is necessary. Securing such firearms within a glass case, even if locked, does not meet the minimum requirements for safe storage.
Under these circumstances, the court will grant the Probation Department’s request to enlarge the defendant’s conditions of probation to prohibit him from transferring the firearm he surrendered to the Harrison Police Department to his father’s ownership. The court will consider removing this additional condition of probation upon proof being presented to the Probation Department by the defendant’s father, with whom he resides, that all firearms in the household owned by him are secured in a locked safe designed for the storage of firearms, and not in a glass display case.
More significantly, in light of the potentially dangerous situation created by the defendant residing in a home where firearms are present, the court will also add as a condition of probation (see CPL 410.20 [1]) that the defendant may not reside in a residence where firearms are not properly stored by their owner within a locked safe designed for the storage of firearms. In accordance with this condition, the defendant is directed to either relocate to an alternate residence by 5 p.m. on April 4, 2014, or to prove to the satisfaction of the Department of Probation that the firearms are properly secured or, in the alternative, have been removed from the residence by his father.
In imposing these added conditions of probation, the court recognizes that the defendant has been entirely candid with his probation officer about his desire to transfer the firearm he previously turned over to the Harrison Police to his father, and about the storage of firearms within the home. However, the court finds these conditions are advisable under the circumstances in the interest of safety.

 This statute applies to individuals prohibited from possessing a firearm pursuant to 18 USC § 922 (g) (1), (4), (8), or (9). This includes any person
“(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . .
“(4) who has been adjudicated as a mental defective or who has been committed to a mental institution; . . .
“(8) who is subject to a court order that—
“(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
“(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
“(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or “(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or “(9) who has been convicted in any court of a misdemeanor crime of domestic violence.”
Paragraph (9) only applies if such person was convicted of a crime included in section 370.15 (1) of the CPL and such gun is possessed within five years of the later of the date of conviction or completion of sentence.